UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHAWNN CUNNINGHAM,
            *Plaintiff-Appellant,*

v.

LAURA HAMILTON, individually and
in her capacity as a Police Officer
for the County of Henrico; R. J.
CLARK, Individually and in his
capacity as a Police Officer for the
County of Henrico,
            *Defendants-Appellees,*

and

COUNTY OF HENRICO, VIRGINIA,
            *Defendant,*

———————————

MEDICAL COLLEGE OF VIRGINIA,
            *Movant.*

No. 03-1639

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CA-02-900-3)

Submitted: December 19, 2003

Decided: January 12, 2004

Before WIDENER, WILKINSON, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gary R. Hershner, Richmond, Virginia, for Appellant. Joseph Paul Rapisarda, Jr., County Attorney, James T. Moore, III, Annie Kim, Assistant County Attorneys, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Shawnn Cunningham appeals the district court's order awarding summary judgment in favor of Officers Laura Hamilton and Richard J. Clark on Cunningham's excessive force claim pursuant to 42 U.S.C. § 1983 (2000), following the injuries he sustained from being shot several times by the defendants. The district court granted summary judgment to the officers based on its finding that the officers were entitled to qualified immunity.* On appeal, Cunningham claims that the award of summary judgment was premature because alleged discrepancies in the affidavits of the officers and forensic and medical experts created issues of material fact that should have precluded summary judgment.

We review de novo a district court's grant of summary judgment. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988).

In the context of an excessive force claim, not every discrepancy creates a triable issue of fact. *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 787 (4th Cir. 1998) (noting that it will nearly always be the case that witnesses will differ over what occurred). In this matter,

---

*Cunningham does not challenge the court's grant of summary judgment to the officers on his state law claims.

Officer Hamilton testified that Cunningham crouched behind a Christmas tree with his gun pointed at her. However, Cunningham testified that he only turned and faced Hamilton with his gun down by his side and was shot within seconds. Cunningham contends that this factual dispute should be evaluated by the trier of fact. However, as the district court noted, whether Cunningham pointed the gun at Hamilton was not dispositive. Rather, the proper inquiry is whether the officers reasonably and objectively believed that their safety was in danger. *See Sigman*, 161 F.3d at 786-87. On the facts of this case, we agree with the district court's conclusion that, even accepting Cunningham's version of events, the officers' belief they were in danger was objectively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

*AFFIRMED*